IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JONATHAN LOVE, SHERI McWILLIAMS,
TRACY KEEN, JEREMY POPE, and ROBIN LOVE,
All Individually and on Behalf of
Others Similarly Situated                                    PLAINTIFFS

v.                        No. 5:13-cv-292-DPM

RETZER, LLC; RETZER RESOURCES, INC.; THE RETZER
GROUP, INC.; and MICHAEL L. RETZER,
Individually and in His Capacity as an Owner, Officer,
and Manager of Retzer Resources, Inc., the
Retzer Group, Inc., and Retzer, LLC                          DEFENDANTS

## ORDER

1. Plaintiffs move for conditional certification of a collective action under the Fair Labor Standards Act. № 28. They are all hourly employees who prepare food, clean, and perform routine maintenance at Retzer-owned McDonald's restaurants. Each alleges that Defendants violated the FLSA by shaving hours off time sheets, not paying for mandatory training, requiring work through unpaid meal breaks, and requiring unpaid work before or after scheduled shifts. Plaintiffs say other employees were affected too. Defendants don't contest that the named Plaintiffs are hourly employees who perform similar duties. They do, however, contest that the Plaintiffs are similarly situated to all of the 2,500 hourly employees who work at Defendants' forty-

four restaurants in three states.

**2.** Plaintiffs have made the modest factual showing that an affected group exists here. *In re Pilgrim's Pride Fair Labor Standards Act Litigation*, 2008 WL 4877239 at *3 (W.D. Ark. 13 March 2008). But it's not the all-encompassing group that Plaintiffs propose. The Court has considered all the usual circumstances in making its preliminary call on similarity. *See, e.g., Smith v. Frac Tech Services, Ltd.*, 2009 WL 4251017 (E.D. Ark. 24 November 2009). The parties have made commendable progress in discovery. The Court therefore has looked more closely than usual in making its tentative decision on similarity. *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 894–95 (N.D. Iowa 2008).

Fourteen of the sixteen opt-in plaintiffs work at a store in Operation Manager Donna Thornton's territory. *See* № 29-12. Three area supervisors work under Thornton, and an employee working under each of those supervisors has consented to join this suit. Without judging their truth, the allegations from the south-central Arkansas plaintiffs implicate Thornton, and the managers (store and area) who work for her, as the source of a common decision, plan, or policy that has deprived employees of a minimum wage.

-2-

*In re Pilgrims Pride, supra.* The potential problem may not be confined to Thornton-territory restaurants. Hourly employees at the Monticello and West Helena restaurants have joined the case too. Plaintiffs have not shown, however, that potential violations transcend those restaurants and the onsite managers. Beyond the covered restaurants, Plaintiffs offer only unsubstantiated allegations that Defendants have violated the FLSA. *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 945 (W.D. Ark. 2003). The Retzer companies have centralized much of their management. But the role of store managers, and those they work for directly, is critical in the circumstances presented. The Court is unconvinced that a company-wide problem is presented. The Court therefore conditionally certifies a collective action comprised of all hourly employees in Thornton-territory restaurants, and at the Monticello and West Helena restaurants, during the three years before the date notice is mailed.

**3.** The Court directs the parties to confer further on notice and submit a final draft to the Court by 26 November 2014. Plaintiffs' proposed notice is approved with changes conforming to this Order. The look-back period will be three years — without prejudice to Defendants arguing later that no wilfull

violation occurred. Defendants must provide Plaintiffs with a list of potential collective-action members in a usable electronic format by 1 December 2014. The list must include each person's name, last known address, dates of employment, and employee ID number. The Court declines to order disclosure of telephone numbers or Social Security Numbers. The opt-in period will close 13 February 2015. The Court requires Defendants to post notice in each covered restaurant during the opt-in period. Paycheck notice is not ordered.

4. We can't keep the 9 February 2015 trial date. The Final Scheduling Order, № 25, is therefore suspended. The Court reschedules trial for 21 September 2015 at 9:30 a.m. Joint report due by 27 February 2015 on what additional discovery (if any) is needed and what motions (if any) are planned. The Court will set new pre-trial deadlines thereafter.

So Ordered.

*D.P. Marshall Jr.*
United States District Judge

18 November 2014