IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JONATHAN LOVE; SHERI McWILLIAMS;
TRACY KEEN; JEREMY POPE; and
ROBIN LOVE                                                                                                PLAINTIFFS

v.                                          No. 5:13-cv-292-DPM

RETZER RESOURCES, INC.; THE RETZER GROUP
INC.; MICHAEL L. RETZER, Individually, and in his
Capacity as an Owner, Officer and Manager of Retzer
Resources, Inc. and the Retzer Group, Inc.; and
RETZER LLC                                                                                                DEFENDANTS

ORDER

1. The Retzer defendants' motion for summary judgment, № 153, is denied. Applying the relaxed *Mt. Clemens* standard, and taking the facts in the light most favorable to the former employees, they've presented enough evidence to support a verdict. *Holaway v. Stratasys, Inc.*, 771 F.3d 1057 (8th Cir. 2014), tightens the standard a bit. But this record contains sufficient particularized evidence about allegedly unpaid time and tasks.

Each former employee testified that he or she worked off-the-clock or had breaks skimmed on a weekly basis. № 153-1 at 29, 153-2 at 20, 153-3 at 25 & 153-4 at 22.* Their start and stop dates are undisputed; and their

---

*All record citations use deposition pagination.

employment periods were relatively short. McWilliams testified that she had to go to other restaurants and get supplies at least once a week. № 153-1 at 39–40. She also worked off-the-clock preparing for inspections. № 153-1 at 25. She was employed for about seven months, from December 2012 through June 2013. № 153-1 at 11, 13. Robin Love testified that she had to stay after her shift, or come in early, without pay two to three times a week. № 153-2 at 32. She also had to pick up supplies from other restaurants off the clock. № 153-2 at 36–37. She worked for about six-and-a-half months. № 153-2 at 9–10. Keen testified that she would be taken off break and not paid at least three times each week between February and December 2013. № 153-3 at 25. She also said she was called many times to fix the ice cream machine without being allowed to clock in. № 153-3 at 26–27. And Jonathan Love testified that he worked two twelve-hour shifts in February 2013 that his time-punch summary didn't reflect. № 153-4 at 23. There's more meat behind the estimates than in *Holaway*.

There's also evidence that Retzer managers were pushed to control labor costs by eliminating overtime. 145-15 at 9–11. The context is important too: Holaway worked from his home, while these plaintiffs were in a public

setting under close supervision. The former employees' agreed burden doesn't require precision, *Anderson v. Mt. Clemens Pottery Company*, 328 U.S. 680, 687–88 (1946); and their claims are sufficiently supported to go to trial.

**2.** The former employees' motion for partial summary judgment that Retzer Sr. was their employer, № *150*, is denied without prejudice. They've made a strong showing. But to decide this question of law, the Court needs a few more facts; and it needs to hear and see the witnesses — to get the reasonable inferences, and the credibility calls, correct.

Retzer Sr.'s office was in Greenville, Mississippi, at the corporate headquarters, not at the Sheridan restaurant. № *152 at 2*. He didn't participate in the hiring and firing of non-exempt employees or setting their pay. № *157 at 3*. Store managers and area supervisors handled those issues. And Retzer Sr. has handed much day-to-day corporate management authority to Hal Burt. *Ibid.* On the other hand, Retzer Sr. seems to be hands-on for all forty-four Retzer-owned restaurants. He evaluated the Sheridan restaurant in person each month — testing the drive-through service, visiting with employees, and speaking with customers. № *152 at 4*. He did this for every restaurant. He got a daily financial report from Burt about all the restaurants,

including Sheridan. № 152 at 3, 8. And he talked to Burt each day about the family business. № 152 at 2–4.

This record makes a much stronger case on the employer issue than the one in *Wirtz v. Pure Ice Company*, 322 F.2d 259, 260–61 (8th Cir. 1963) or *Johnson v. ACC1, LLC*, 2014 WL 1369380, at *3 (E.D. Ark. 7 April 2014). But it's premature to decide—as a matter of law—that Michael Retzer Sr. was a "person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). These are the facts that need some clarifying: Has Retzer Sr. exercised his authority to change the employee handbook? How has Retzer Sr. responded to overtime after each pay period—has he recommended adding staff or reducing overtime? And how has Retzer Sr. followed up (with employees, managers, and Burt) after the monthly restaurant visits? Has he required employees to stay late or correct any issues he discovered? The Court will rule, based on the totality of the circumstances, after all this becomes clearer. *White v. 14051 Manchester, Inc.*, 301 F.R.D. 368, 387–88 (E.D. Mo. 2014).

3. There's a loose end. It seems Jeremy Pope died shortly before depositions were taken. №153-1 at 5. No suggestion of death has been filed.

The Rule creates a ninety-day window for substitution after a suggestion is filed. FED. R. CIV. P. 25(a). The personal representative of Pope's estate, if there is one, hasn't sought substitution. The Court welcomes the parties' thoughts on how to address Pope's passing. Joint report due by 8 January 2016.

* * *

The Retzer defendants' motion, № 153, is denied. The employees' motion, № 150, and Retzer Sr.'s embedded request for a ruling on the employer issue now, № 157 at 4, are denied without prejudice. This case remains first out for trial on 8 February 2016.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

28 December 2015